**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ANGELINA J. ANDERSON, | ) | CASE NO. 1:21-CV-1471 |
|  | ) |  |
|  | ) | JUDGE DAVID A. RUIZ |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OPINION AND ORDER** |
| SECURITY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**I. Introduction**

This matter is before the Court on the Report and Recommendation of Magistrate Judge
Carmen E. Henderson (R&R). (R. 15). Plaintiff Angelina Jeannie Anderson filed a Complaint
(R. 1) challenging the final decision of the Commissioner of Social Security denying her
application for Supplemental Security Income. Pursuant to Local Rule 72.2, the case was
referred to a magistrate judge. Magistrate Judge Henderson's R&R recommends the Court affirm
the Commissioner's decision. (R. 15).

"Within 14 days of being served with a copy of the recommended disposition, a party
may serve and file specific written objections to the proposed findings and recommendations."
Fed. R. Civ. P 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). The Plaintiff has
filed a timely objection to the R&R (R. 16), to which the Commissioner has replied (R. 17).

For the following reasons, the Court overrules the Plaintiff's objections, ADOPTS the R&R, and thereby AFFIRMS the underlying decision of the Commissioner.

## II. Standard of Review

The applicable standard of review of a magistrate judge's report and recommendation provides that when objections are made to such a report and recommendation, the district court conducts a *de novo* review. Federal Rule of Civil Procedure 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

## III. Discussion

The Administrative v Law Judge's (ALJ) decision and Magistrate Judge's R&R

As is relevant here, the ALJ determined that Anderson did not meet Listing 12.00's subpart B criteria. (R. 7, PageID # 47-49). Specifically, the ALJ found that Anderson had only moderate limitations in each of the four categories. (*Id*. at 49). Anderson argued to the magistrate judge, as she does here, that this decision was not supported by substantial evidence. (R. 9, PageID # 950).

The magistrate judge noted that, in support of her argument, Anderson merely "cop[ied] and pasted the summary of her mental impairment records from the statement of facts in her brief." (R. 15, PageID #1068). In so doing, the R&R observed that a claimant does not establish the lack of substantial evidence by pointing to evidence that would support her position, but by showing that the ALJ lacked sufficient evidence to support his position. (*Id*. at 1069).

To that end, the R&R determined that the ALJ's decision in this regard was supported by: (1) statements from medical providers that Anderson was pleasant, cooperative, appropriately groomed, and had a normal mood; (2) various daily activities, such as driving, managing funds,

caring for pets and for others; and (3) the absence in the medical record of anything to show that

Anderson was distractable or unable to complete testing. (*Id*.). The R&R then concluded that the

ALJ had considered all the evidence and properly found that Anderson had no more than moderate

limitations in the four broad areas of mental functioning. (*Id*.).

Plaintiff's Objection

Here, Anderson alleges first that the R&R erred in not finding that the ALJ in this case

acted without constitutional authority. (R. 16, PageID # 1075-76).

Next, she asserts that the ALJ's contention that she could perform activities in each of the

four paragraph B categories was not supported by the record because "no citations were provided."

(*Id*. at 1076). Further, she argues that the ALJ's findings in this regard are inconsistent with records

from a mental health provider and with her own testimony at the hearing. (*Id*. at 1076-77). Finally,

she contends that the "brief statements" at Step Three are "contradicted by the ALJ's narrative

discussion [later in the opinion.]" (*Id*. at 1077).

Analysis

As to the argument that then-Commissioner of Social Security Andrew Saul was

unconstitutionally appointed and so could not properly delegate authority to the ALJ in this case,

this assertion was comprehensively analyzed and rejected in *Butcher v. Commissioner*, 2021 WL

6033683 (S.D. Ohio Dec. 21, 2021) (R&R), *adopted by* 2022 WL 523519 (S.D. Ohio Feb. 223,

2022). The reasoning and conclusion of *Butcher* is adopted here by reference.

Next, as noted above, Anderson asserts that the ALJ erred at Step Three by failing to

consider select portions of the evidence, neglecting to provide supporting references or providing

inconsistent reasoning between portions of the opinion.

It's well-established that a reviewing court conducts a holistic review of the ALJ's decision

and may look to findings elsewhere in the opinion to support Step Three conclusions. *Immke v. Saul*, 2020 WL 1940849, at \*6 (N.D. Ohio April 22, 2020) (citation omitted). Moreover, it is also well-established that as long as the ALJ cites substantial, legitimate evidence to support the conclusion reached, the reviewing court may not second-guess that decision. *Ulman v. Commissioner of Social Security*, 693 F.3d 709, 713-14 (6th Cir. 2012).

Here, the ALJ clearly referenced evidence supporting the conclusion that Anderson did not meet the four paragraph B criteria, but also noted that the state psychological reviewing consultants found that Anderson had no more than moderate limitations in the four B paragraph areas and so did not medically equal a mental listing. (R. 7, PageID # 48). The findings of the state agency reviewers themselves may provide substantial evidence to support the ALJ's finding in Step Three. *Adkins v. Commissioner of Social Security,* 2019 WL 1040943, at \*12 (N.D. Ohio March 5, 2019) (collecting cases).

### IV. Conclusion

As detailed above, the Court has carefully reviewed the Report and Recommendation in light of the pertinent standard of review and Plaintiff's Objections. The objections are overruled. The Court ADOPTS the Magistrate Judge's Report and Recommendation (R. 15), and the Commissioner's underlying decision is hereby AFFIRMED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 29, 2022

4